IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-20657

BEN JOHNSON, JR.,

Plaintiff-Appellant

versus

JOE KEGANS, Judge; CHARLES BACARISSE; A. BROOKS; RITA WHATLEY; MARY
JANE PONTZLER,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
No. H-96-CV-747

February 25, 1997

Before HIGGINBOTHAM, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:*

This appeal comes to us after the district court's dismissal of Ben Johnson's *pro se*, *in forma
pauperis* 42 U.S.C. § 1983 complaint. The district court stated that Johnson's claims called into
question the validity of his conviction, and they were thus barred by *Heck v. Humphrey*, 114 S.Ct.
2364 (1994).

The sparse facts of this case are drawn from Johnson's *pro se*, *in forma pauperis* complaint,
his motion for summary judgment filed ten days after the complaint, an affidavit attached to that
motion, and the district court's Order of Dismissal. Johnson was convicted for possession of cocaine
in a Texas state court and sentenced to 25 years in prison. Johnson's complaint, broadly construed,
asserts two bases for his § 1983 claim: following his conviction, Johnson was denied access to the

---

*Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court, to appellate counsel, and to court records by (1) a 120-day delay by the Texas courts in appointing him appellate counsel, and (2) an 11-month delay by the Texas courts in preparing the record for his appeal. The complaint contains allegations that the defendants conspired to delay Johnson's appeal and deny him equal access to the state appellate process. Johnson asserts that he has suffered $250,000 in damages from anxiety and concern while awaiting his chance to present his claims of innocence to the Texas appellate courts.

The district court asserted, without explanation, that Johnson's claims of ineffective assistance of counsel and denial of appellate record would, if true, call into question the validity of Johnson's underlying state court conviction. It is now beyond debate that § 1983 claims by prisoner-plaintiffs that challenge the validity of a conviction cannot proceed unless the conviction has already been reversed, expunged, invalidated or impugned by a writ of habeas corpus. *Heck*, 114 S.Ct. at 2372. Complaints are frivolous under *Heck* if they directly or indirectly challenge the validity of the conviction. The Supreme Court gave an example of the type claim that would indirectly challenge the validity of a conviction:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, *he would have to negate an element of the offense of which he has been convicted.* Regardless of the state law concerning res judicata . . . the § 1983 action will not lie.

*Id.* at 2372 n.6 (emphasis supplied).

Johnson's complaint, broadly construed, does not require him to negate any element of the offense of possession of cocaine to support at least nominal damages. There is an independent right to effective assistance of counsel on appeal, if that appeal is as of right. *Evitts v. Lucey*, 105 S.Ct. 830, 836-37 (1985). Similarly, if a transcript is by rule or custom a prerequisite to appellate review, the prisoner has an independent right to the transcript even if he cannot afford to have it prepared. *Id.* at 834. We have recognized that due pro cess is denied where the state excessively delays the furnishing of a transcript necessary for the appellate record. *Rheuark v. Shaw*, 628 F.2d 297, 302-03

2

(5th Cir. 1980), *cert. denied*, 450 U.S. 931 (1981). Johnson's claims that he was denied a speedy appeal and appellate counsel thus do not necessarily implicate any of the element of the crime for which he was convicted.

We apply a four-factor test to determine whether the state has exceeded the limits of due process with its delay in preparing the appellate record: (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. *Rheuark*, 628 F.2d at 302-03 & n.8. For the purposes of this appeal, we assume that an 11-month delay of appeal, without preparing a transcript or appointing appellate counsel, exceeds due process. *Id.* (assuming without deciding that a two-year delay exceeded due process). Because the defendants in this case have not been served, we do not know what reasons they might assert for this delay. But Johnson's complaint includes allegations that he has asserted his rights to appeal and have appellate counsel all along, including letters to the court throughout the periods before and after he was appointed appellate counsel. Thus the real issue is whether Johnson was prejudiced by the delay.

Prejudice in this situation is measured in light of the interests of those convicted and awaiting appeal: (1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those awaiting appeal; and (3) limitation of the possibility that the grounds for appeal will be impaired during the delay. *Id.* at n.8. Johnson's complaint implicates the first two prongs of this test; the complaint alleges that the defendants conspired to delay Johnson's appeal and deny him equal access to the state appellate process, and that Johnson has thereby suffered anxiety and concern while awaiting appeal. It is impossible to assess the third prong of the test on the record before us. But given that the district court did not make any findings about whether Johnson was prejudiced (and thus whether his rights were violated), dismissal was inappropriate and in error.

It is possible that, on remand, the district court may find dismissal of Johnson's complaint warranted under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where a § 1983 prisoner-plaintiff claims damages for delayed appeal and appointment of counsel while the

3

appeal is still pending, because those claims may still be addressed and remedied immediately by the state appellate court. *Wilcox v. Miller*, 691 F.2d 739, 740-41 (5th Cir. 1982).

Resolution of the issues of prejudice and abstention is not possible from the record before us. We thus leave them to the district court. The judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.